

**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| GREGORY A. WALPOLE & | ) |
| | ) CASE NO. 08-62421 |
| BETH A. WALPOLE, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |

On February 10, 2010, the debtors filed a motion to retain proceeds. On March 10, 2010, a hearing was held. Edward S. Lake[1] represented the debtors Gregory A. Walpole and Beth A. Walpole ("debtors"), and chapter 13 trustee Toby Rosen ("trustee") represented herself. The debtors' motion is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

---

[1]On May 7, 2010, Melissa J. Acayan replaced Edward S. Lake as debtors' attorney.

## BACKGROUND

On July 7, 1992, Wilma M. Jones quit-claimed her fee simple interest in the property located at 1300 E. Broadstreet, Louisville, Ohio ("property") to her children Beth A. Walpole and Robert D. Jones retaining a life estate. On June 15, 2009, Wilma M. Jones died, and Beth A. Walpole obtained a one-half fee simple interest in the property. The property was sold on January 20, 2010 to Judith A. Lab. The debtors' share of the proceeds was approximately $41,249.63.

The debtors filed chapter 13 bankruptcy on July 21, 2008. Schedule A of the debtors' petition does not disclose the debtors' remainder interest in the property. On October 22, 2010, the Court confirmed the debtors' fourth amended chapter 13 plan, which provided a 22% return to general unsecured creditors. However, the trustee asserts that if the debtors' remainder interest had been listed on their petitions, a 31% plan would have been required because of the property's chapter 7 liquidation value.

The debtors want to retain $15,000 of the proceeds from the sale of the property. The debtors intend to use $4,017.27 to pay for half of Wilma M. Jones' funeral expenses, and intend to use the remainder of $10,982.73 to pay for past and future medical expenses. The trustee objects only to the amount intended to pay medical bills, provided the debtors give twenty-eight day notice of their intent to pay funeral expenses to their unsecured creditors. The debtors gave this notice on June 18, 2010 by filing an amended motion to pay proceeds. The motion provides that the notice period will end on July 19, 2010.

## LAW AND ANALYSIS

The debtors in this case do not claim that the proceeds from the sale of the property are exempt. Rather, they argue that because of changed circumstances they should be allowed to keep money that would otherwise be disposable income payable to unsecured creditors. As such, they are effectively seeking a post-confirmation modification of their plan pursuant to 11 U.S.C. § 1329, which provides that a plan modification may be filed to "increase or reduce the amount of payments on claims of a particular class provided by the plan."

Section 1329 provides that all modifications must be proposed in good faith pursuant to 11 U.S.C. § 1325(a). At least one other bankruptcy court has found bad faith when the debtor failed to disclose the asset connected to a motion to retain proceeds. In re Napier, 2008 WL 320157 (N.D. Okla. 2008) (finding bad faith under 11 U.S.C. § 522 when debtor failed to list her interest in a class action). The Napier court reasoned that "[t]he operation of the bankruptcy system depends on honest reporting. If debtors could omit assets at will . . . cheating would be altogether too attractive." Id. at *3 (quoting Sheehan v. Lincoln Nat. Life (In re Morehead), 257 B.R. 449, 453 (N.D.W. Va. 2001)).

In this case, the debtors failed to list their remainder interest in the property on their petition. As a result, the Court confirmed an illegal plan that pays creditors less than the liquidation value of debtors' estate. If debtors' mother had not died while the case was open, the Court might never have discovered debtors' omission, and the debtors might have pocketed

100% of the value of their interest in the property after receiving their discharge on an underfunded plan. Under these circumstances, it would be patent bad faith for the debtors to profit from the sale of their hidden asset. Furthermore, Court notes that the debtors have dedicated a substantial portion of their budget to the payment of medical bills. The bills submitted to the Court fall within the range anticipated by the debtors. Therefore, the debtors do not need the proceeds from the sale of the property to pay their medical bills.

Accordingly, debtors' motion to retain proceeds is denied with regard to the $10,982.73 for medical expenses. The Court neither grants nor denies the motion with regard to the $4,017.27 for funeral expenses at this time. If no objections are filed to the debtor's amended motion to pay proceeds by July 19, 2010, the debtor may upload an order allowing the payment of the funeral expenses. If an objection is filed, the Court will take the amended motion to pay proceeds under advisement.

An order will be issued with this opinion.

\#    \#    \#

Service List:

Gregory A Walpole
6921 Georgetown Rd NE
East Canton, OH 44730

Beth A Walpole
6921 Georgetown Rd NE
East Canton, OH 44730

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Melissa Joan Acayan
Rauser & Associates
401 W. Tuscarawas Street, NW
Suite #400
Canton, OH 44702